# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LUCIANO L'ABBATE, a minor, by his father and guardian VITANGELO L'ABBATE, FRANCESCO L'ABBATE, a disabled minor, a minor, by his father and guardian VITANGELO L'ABBATE and GERALD ADELMAN, <br><br>Plaintiffs, <br><br>v. <br><br>NATIONWIDE INSURANCE COMPANY, <br><br>Defendant. | Case No. 17-cv-02295 <br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiffs, VITANGELO L'ABBATE as father and guardian of LUCIANO L'ABBATE and FRANCESCO L'ABBATE and GERALD ADELMAN, by and through their undersigned attorneys, complain against Defendant, NATIONWIDE INSURANCE COMPANY, as follows:

### I. THE PARTIES AND OTHERS

1. Plaintiff, LUCIANO L'ABBATE ("Luciano"), is a minor and an individual and citizen of the State of Illinois, residing at 7917 West Wellington Avenue, Elmwood Park, Illinois.

2. Plaintiff, FRANCESCO L'ABBATE ("Franky"), is a disabled minor and an individual and citizen of the State of Illinois, residing at 7917 West Wellington Avenue, Elmwood Park, Illinois.

3. VITANGELO L'ABBATE ("Vitangelo"), is a citizen of the State of Illinois, father of Luciano and Franky, residing at 7917 West Wellington Avenue, Elmwood Park, Illinois.

4. Plaintiff, GERALD ADELMAN, is a citizen of the State of Illinois residing in Cook County.

5. Defendant, NATIONWIDE INSURANCE COMPANY, is a Wisconsin domiciled corporation engaged in the business of selling and providing insurance services, with its primary place of business located at 1100 Locust Street, Des Moines, Iowa 50391.

6. DR. FRANCIS CAPOBIANCOis a physician licensed in the state of Illinois with over thirty years' experience practicing internal medicine.

## II. JURISDICTION AND VENUE

7. Jurisdiction is appropriate pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and because Plaintiffs are citizens of Illinois and Nationwide Insurance Company is a citizen of Wisconsin and Iowa being incorporated in Wisconsin and having a principal place of business in Iowa.

8. Venue is appropriate pursuant to 28 U.S.C. § 1391(b)(2), being the judicial district of the location of the property that is the subject of this action.

## III. ALLEGATIONS COMMON TO ALL COUNTS

9. In approximately 2001, Vitangelo procured Life Insurance Policy Number (B500715800), from Nationwide (the "Life Policy"). None of the Plaintiffs have a complete copy of the Life Policy and, therefore, cannot attach it to this Complaint.

10. In 2012, Vitangelo's wife died leaving him alone to care for his two young sons.

11. Vitangelo's son, Franky, suffers from severe Autism and is permanently completely disabled requiring 24-hour care.

12. Vitangelo's son, Luciano, is fifteen years old and a freshman in high school.

13. Vitangelo is terminally ill.

14. On or about January 7, 2016, Vitangelo transferred ownership of his policy to Adelman so Adelman could directly handle the accelerated death benefit claim, cover his

premiums when Vitangelo was financially unable, and secure life insurance for the benefit of his disabled child prior to his rates skyrocketing.

15. The Life Policy provided for a $1,000,000 death benefit.

16. Luciano and Franky are among the beneficiaries of the Life Policy.

17. The Life Policy has an accelerated benefit provision that is triggered if the insured is terminally ill ("Accelerated Benefit") (Rider attached hereto as Exhibit "A" and incorporated herein).

18. Vitangelo and Adelman paid a total of $81,000 in premiums owed pursuant to the Life Policy.

19. Vitangelo and later Adelman paid monthly premium payments for over a decade totaling approximately $30,000, then after the mandatory conversion, three more years at approximately $17,000.

20. Upon information and belief, once an Accelerated Benefit is paid, the policy owner can continue to pay premiums at a steeply reduced rate and be paid the balance of the life insurance policy upon the death of the insured.

21. Vitangelo or Adelman paid the premiums every month in full until the Accelerated Death Benefit claim was denied.

22. On or about January 25, 2016, Vitangelo's treating physician, Dr. Francis Capobianco, provided a report and letter (attached hereto as Exhibit "B" and incorporated herein) indicating in no uncertain terms that Vitangelo is terminally ill.

23. The comorbidities contributing to Vitangelo's terminal illness are: hypertension, triple-bypass heart surgery, diabetes, alcoholism, severe depression, spinal fusion surgery, kidney disease, and liver disease.

24. Pursuant to the Life Policy, if the insured is found to be terminally ill he may recover $300,000 and secure insurance for the remainder of his natural life at a reduced rate.

25. The Accelerated Benefit rider to the Life Policy provides as follows:

"In order to receive benefits under this Rider, all of the following conditions must be satisfied… "we [Nationwide] must receive evidence satisfactory to us, including, but not limited to certification from a physician licensed in the United States, that the Insured has a non-correctable terminal illness. This non-correctable terminal illness must result in having a remaining life expectancy of 24 months as of the Rider Effective Date. The licensed physician shall not be any Insured, Policy Owner, Beneficiary, or a relative thereof. We reserve the right to obtain additional medical opinions at our expenses. If the additional medical opinion(s) differ from the opinion of the Insured's physician, then the opinion of an additional physician acceptable to both parties will serve as the final determinate of whether the condition is satisfied."

26. The Illinois Insurance Code provides in pertinent part:

"Qualified Covered Condition means, but is not limited to, any one of the separate covered conditions as set forth in Section 4, Class 1(a) of the Illinois Insurance Code [215 ILCS 5/4] the occurrence of which may result in the payment of an accelerated benefit **of up to 75% of the face amount of the policy**. Terminal Illness means a medical condition which, **in the opinion of a physician who is licensed to practice medicine in all of its branches**, **would generally result in the insured's death within 24 month**s, or any condition which requires continuous confinement in an eligible institution as defined by the contract if the insured is expected to remain there until death." (emphasis added)
15 Ill. Reg. 8872, § 1407.30

"Covered condition", as used in this clause, means: **heart attack**, stroke, **coronary artery surgery**, life threatening cancer, **renal failure**, alzheimer's disease, paraplegia, major organ transplantation**, total and permanent disability**, and any other medical condition that the Department may approve for any particular filing. (emphasis added) 215 ILCS 5/4

"No policies, contracts, riders, endorsements or amendments which provide for accelerated benefits may be issued for delivery in this State unless they meet the following requirements. d) Waiver of Premiums. The insurer may offer a waiver of premium for the accelerated benefit provision in the absence of a regular waiver of premium provision being in effect. **At the time the benefit is claimed, the insurer shall explain any continuing premium requirement to keep the policy in force**." ("emphasis added) 15 Ill. Reg. 8872, § 1407.30

27. An insurance executive with no medical training denied Vitangelo's claim for an Accelerated Benefit payment.

28. Nationwide did not retain a physician in making its decision to deny Vitangelo's claim. (Letters Dated June 15, 2016, June 23, 2016, and August 24, 2016 attached hereto as Exhibit "C" and incorporated herein).

29. Nationwide simply refused to believe the report of Vitangelo's longtime treating physician and instead relied on the opinion of someone with no medical training in direct contradiction the guidelines for terminal illness provided in the Illinois Insurance Code.

30. After the demand for payment of the Accelerated Benefit was denied, Plaintiffs stopped paying the premium he could no longer afford due to his disability and treatment for his terminal illness.

31. The decision to deny Plaintiffs the Accelerated Benefit and offer continued insurance at a discounted rate under the Life Policy amounts to a breach of the Life Policy and was made in bad faith and is a violation of Illinois law, 215 ILCS 5/155.

## IV. CLAIMS

### COUNT I
### (Breach of Contract)

32. Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 31 of the Complaint as Paragraph 32 of Count I of the Complaint as though fully pled herein.

33. The Life Policy provided an Accelerated Benefit of $300,000 payable to the policy owner and allowed for continued premium payments at a reduced rate so the remaining death benefit could be paid.

34. Defendant has failed to pay Plaintiff the Accelerated Death Benefit due to him as a result of Vitangelo's terminal illness.

35. Defendant has failed to offer continued life insurance at a reduced rate as a result of paying the Accelerated Death Benefit.

36. Plaintiffs have, therefore, been damaged in the amount of $1,000,000, plus interest and costs as a result of Nationwide's breach.

WHEREFORE, Plaintiffs, VITANGELO L'ABBATE as father and guardian of LUCIANO L'ABBATE and FRANCESCO L'ABBATE, and GERALD ADELMAN, respectfully pray that this Court enter judgment in their favor and against Defendant, NATIONWIDE INSURANCE COMPANY, in the amount of $1,000,000 plus prejudgment interest from January 25, 2016, to the present, costs, and for any and all other further relief that this Court deems necessary and appropriate under the circumstances.

## COUNT II
### (Bad Faith, 215 ILCS 5/155)

37. Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 31 of the Complaint as Paragraph 37 of Count I of the Complaint as though fully pled herein.

38. The Life Policy provided an Accelerated Benefit of $300,000 payable to the policy owner when the insured became terminally ill.

39. Nationwide failed to provide the Accelerated Benefit to the policy owner when the coverage in this case, under the circumstances, was not debatable nor even examined by a professional.

40. Section 154.6 of the Illinois Insurance Code specifically identifies the following as an inappropriate claims practice:

> "(h) Refusing to pay claims without conducting a reasonable investigation based on all available information; … (d) Not attempting in good faith to effectuate prompt, fair and equitable settlement of claims submitted in which liability has become reasonably clear;…. (m) Delaying the investigation or payment of claims by requiring an insured, a claimant, or the physicians of either to submit a preliminary claim report and then requiring subsequent submission of formal proof of loss forms, resulting in the duplication of verification."

41. Nationwide has failed to pay Plaintiff the Accelerated Death Benefit due to Plaintiff as a result of Vitangelo's impending death.

42. Nationwide has failed to offer insurance for the remainder of Vitangelo's life at a reduced rate resulting in lapsed coverage.

43. Plaintiffs have, therefore, been damaged in the amount of $1,000,000, plus interest and costs as a result of Nationwide's bad faith.

44. The decision to deny the claim was made in bad faith because there was no investigation by medical professionals prior to denial and Nationwide's conclusion was contrary to the disinterested treating physician's opinion.

WHEREFORE, Plaintiffs, VITANGELO L'ABBATE as father and guardian of LUCIANO L'ABBATE and FRANCESCO L'ABBATE, and GERALD ADELMAN respectfully pray that this Court enter judgment in their favor and against Defendant, NATIONWIDE INSURANCE COMPANY, in the amount $1,000,000, punitive damages in the amount $300,000 plus prejudgment interest from January 25, 2016, to the present, reasonable attorneys' fees, costs, and for any and all other further relief that this Court deems necessary and appropriate under the circumstances.

    Respectfully submitted,
**VITANGELO L'ABBATE as father and guardian of LUCIANO L'ABBATE and FRANCESCO L'ABBATE, and GERALD ADELMAN**,
Plaintiffs

By: /s/*Alexander N. Loftus*
       One of Their Attorneys

Andrew Stoltmann, Esq.
Alexander Loftus, Esq.
STOLTMANN LAW OFFICES, P.C.
10 S. LaSalle, 35th Floor
Chicago, Illinois 60603
T: 312.332.4200
C: 312.772.5396
alex@stoltlaw.com

Dated: March 27, 2017